UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24385-CIV-HOEVELER

WYTOCHE BYNES,

    Plaintiff,

v.

JACKSON SOUL FOOD, INC., and
SHIRLENE JACKSON,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE comes before the Court on the Defendants' oral Motion for Judgment as a Matter of Law,[1] made during trial at the close of Plaintiff's case on direct. The Court took the motion under advisement and then determined, after additional testimony was presented at trial today, that the motion should be granted. This Order memorializes the Court's oral ruling which was announced today.

Plaintiff filed his Complaint in December 2010, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. Although Plaintiff alleged that this Court had jurisdiction pursuant to the FLSA, that Plaintiff was a covered employee for purposes of the FLSA, and that the employer Defendant Jackson Soul Food, Inc., was engaged in interstate commerce, the evidence at trial did not establish a basis for application of the FLSA to this employer. Specifically, Plaintiff failed to establish by

---

[1] At trial, Defendants orally moved for a directed verdict, which is treated as a motion for judgment as a matter of law, pursuant to Rule 50(a), Fed. R. Civ. P.

a preponderance of the evidence that the Defendant restaurant was an "[e]nterprise engaged in commerce or in the production of goods for commerce" as Plaintiff did not establish that Defendant had an "annual gross volume of sales made or business done" of at least $500,000.  29 U.S.C. § 203(s)(1).

A jury was selected and trial began on November 5, 2012.  Two days of evidence were presented, from a total of four witnesses.  The most significant evidence[2] offered by Plaintiff as to the Defendant's annual volume of sales or business was Plaintiff's own testimony that while working as a server at the restaurant, Plaintiff sold "[a]nywhere from 500 to maybe 850, 900 [dollars worth of food] daily [including breakfast items and chicken wings, pork chops, fish stew, catfish, etc.]."  Trial Testimony, Nov. 5.[3]  Plaintiff's counsel argued that because Defendants[4] admitted that

---

[2]Plaintiff's counsel also argued that the evidence as to wages paid by Defendants to the restaurant's employees, plus property taxes and mortgage payments, was sufficient to infer that in order to meet those expenses Defendants must have had an annual volume of business sufficient to trigger FLSA coverage. The Court did not find credible evidence to support that argument, nor does an attempted reliance on such inferences satisfy the Plaintiff's evidentiary burden. Plaintiff also attempted to establish that any income as to a separate corporate entity - not a party to this action - should count toward the jurisdictional threshold. According to Defendants, that separate entity owned the property on which the restaurant is located. Trial Testimony, November 7. There was no evidence that the separate entity employed Plaintiff, nor was Plaintiff even aware of that entity, and the Court sustained Defendants' objections to further questioning as to that separate entity.

[3]Notably, "[t]he pork chops [$7.50 or $6.99] [and steak, $9.00 or $10.00] weren't as big a seller as the other small items."  Plaintiff's Trial Testimony, Nov. 5.

[4]Defendant Shirlene Jackson testified that she was the owner of the Defendant restaurant, and that she had three or four waitresses/waiters at any given time; she also testified that she had a total of approximately eight employees on weekends, and normally had seven or eight employees on weekdays, and had always been closed on Tuesdays during the more than twenty years of operation of

2

as many as three to four waiters worked each shift, and with "the testimony of Mr. Bynes ... that he personally sold anywhere from $800 to a thousand dollars per day" (which was a misstatement of Plaintiff's testimony), that sufficient evidence had been offered to create an inference that Defendant's business met the jurisdictional threshold for FLSA enterprise coverage.

The Court disagrees - there was credible testimony and compelling evidence that for the majority of the ten months during which Plaintiff worked for Defendants in 2009-2010, Defendants only served breakfast at the restaurant, and that Plaintiff did not work sufficient hours at the restaurant to be able to accurately estimate the total volume of business done on an annual basis.[5] Moreover, Defendant Shirlene Jackson testified - and Plaintiff did not contradict this testimony, that she spent less than a thousand dollars on food on a weekly basis, and that the restaurant had only 25 tables or booths with chairs, and another twelve chairs at a bar. Trial Testimony, November 7. Finally, although Ms. Jackson was not able to answer Plaintiff's question on the second day of trial as to the total annual sales of the restaurant, she testified at the beginning of the third day of trial that she had earlier that day asked her accountant

---

the restaurant. Trial Testimony, November 7.

[5] Indeed, even if there were a total of three waiters working six days a week and each sold $500 of food daily, the total weekly sales are $9,000, or approximately $468,000 in annual sales - still below the threshold for FLSA enterprise coverage. The Court found Plaintiff's testimony to be of questionable persuasive value; he often contradicted himself, and the record was clear that at least during some part of his employment by Defendants, Plaintiff knowingly accepted unemployment compensation - which rendered his testimony somewhat less than credible. As a result, the Court was unable to infer FLSA coverage based on Plaintiff's testimony as to his belief - unsupported by objective evidence - as to the amount of food he sold daily.

3

to provide correct figures as to her annual sales in 2009 and 2010. Although the corporate tax or sales records were not provided, Defendant testified, during presentation of Defendants' case, that the Defendant restaurant had $243,000 in annual sales in 2009, and $265,000 in annual sales in 2010. Plaintiff offered no evidence to credibly contradict the Defendants' evidence as to annual sales.

In summary, the Court fully heard Plaintiff as to the issue of enterprise coverage pursuant to the FLSA during this jury trial, and - at the conclusion of the evidence - found that a reasonable jury would not have a legally sufficient evidentiary basis to find for the Plaintiff on this issue; therefore I determined that Defendants' motion for judgment as a matter of law should be GRANTED. Judgment in favor of Defendants will be entered by separate document, consistent with Rule 58(a), Fed. R. Civ. P.[6]

DONE AND ORDERED in Chambers in Miami this 8th day of November 2012.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:   counsel of record

---

[6]The entry of judgment in favor of Defendant Jackson Soul Food also requires entry of judgment in favor of Defendant Shirlene Jackson as the only alleged basis for her liability was as a result of the Plaintiff's FLSA claims against her in her status as "officer/director" of the Defendant Jackson Soul Food. Complaint, ¶ 8.

4